IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GUILLERMO RUIZ,

    Petitioner

    v.

J. E. THOMAS, WARDEN,

    Respondent

: CIVIL NO. 3:CV-14-877
:
: (Judge Conaboy)
:

FILED
SCRANTON

MAY 27 2014

PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Guillermo Ruiz, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Petitioner's request (Doc. 5) for leave to proceed in forma pauperis will be granted for the sole purpose of the filing of his action with this Court.

Ruiz was convicted of being a felon in possession of ammunition as contemplated under 18 U.S.C. § 922(g)(1) and an unregistered silencer under 26 U.S.C. § 5861(i) following a jury trial in the United States District Court for the Southern District of Florida. See Doc. 2-1, Exhibit A. He was sentenced to a 312 month term of incarceration on November 19, 1998. Petitioner's conviction and sentence were affirmed on direct appeal. See United States v. Ruiz, 253 F.3d 634 (11th Cir. 2001)(Table). His direct appeal asserted that the jury had been

1

erroneously instructed on the mens rea required for conviction under § 5861(I); irrelevant and unfairly prejudicial evidence was admitted; and insufficient evidence was presented to support the § 5861(i0 conviction. See id. at 636.

Ruiz acknowledges that he also filed a request for relief under 28 U.S.C. § 2255 which was denied by the trial court as being time barred on July 22, 2003. See Doc. 1, ¶ 10(a). Petitioner asserts that his § 2255 action raised claims of defective indictment, ineffective assistance of counsel, and that imposition of an enhanced sentence was unlawful.

According to the Petition, Ruiz next filed a request for leave to file a second or successive § 2255 action with the United States Court of Appeals for the Eleventh Circuit on or about December 2011. His request, which raised claims of invalid conviction and sentence under § 922(g)(1) and a violation of the Tenth Amendment's doctrine of separation of powers, was denied on May 7, 2012. See id. at p. 5 (b).

On November 25, 2013, Petitioner states that he filed a second request for leave to file a second or successive § 2255 action with the United States Court of Appeals for the Eleventh Circuit. He adds that the purpose of this request was to pursue an unlawful enhancement of sentence claim. The Court of Appeals denied his request by decision dated February 6, 2014. See id. at p. 4 (b).

Ground One of Ruiz's pending action claims entitlement to federal habeas corpus relief on the basis that his conviction under § 922(g)(1) should be overturned because that statute is ambiguous and invalid. Petitioner explains that the presumption created by that statute exceeded Congress' power to regulate commerce, and violates both his due process rights under the Fifth Amendment as well as the Tenth Amendment's doctrine of separation of powers.

Ground Two asserts that the Government failed to prove the offense of § 5861 beyond a reasonable doubt and that the trial court provided erroneous jury instructions with respect to that charge. See Doc. 1, p. 8. In Ground Three, Ruiz contends that an unlawful and unconstitutional sentence was imposed because it was improperly enhanced based on an offense not charged in the indictment.

Petitioner next claims that he was provided with ineffective assistance of counsel (Ground Four). The petition elaborates that Ruiz and defense counsel had a conflict of interest and irreconcilable differences existed between them regarding the way his case was handled. Moreover, counsel's performance was purportedly deficient for failing to raise "the constitutional violation that had infected the whole proceeding." Id. at p. 9.

In an accompanying supporting memorandum (Doc. 2), Petitioner raises the following arguments: (1) the trial court improperly instructed the jury by not including a direction that the Government must prove all essential elements of the charged offense beyond a reasonable doubt; (2) the trial court violated Petitioner's fundamental constitutional rights; and (3) the trial court was biased and allowed a malicious prosecution. A later portion of Ruiz's supporting memorandum reasserts the arguments set forth in the Petition and also raises contentions of a speedy trial violation, actual innocence, and lack of jurisdiction.

## Discussion

**Standard of Review**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must

dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

When challenging the validity of a federal sentence, and not the execution of his sentence, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, No. 08-3898, 2009 WL 1154194, at *2 (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing

court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence") A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 2009 WL 1020218, at *2 (3d Cir. Apr. 16, 2009).

Petitioner is clearly challenging the validity of his conviction and sentence which was imposed by the Southern District of Florida. Thus, he must do so by following the

requirements of § 2255. Petitioner indicates that some of his pending arguments were included in his unsuccessful direct appeal and his § 2255 motion. Consequently, Ruiz must obtain certification from the Eleventh Circuit Court of Appeals to file another collateral challenge to his conviction and sentence. The fact that he has been unable to secure such a certification does not make does not render the § 2255 process "inadequate or ineffective" or make his multiple pending claims cognizable in a § 2241 action.

Furthermore, Petitioner's pending arguments are not based upon a contention that his conduct is no longer criminal as a result of some change in the law made retroactive to cases on collateral review. Ruiz has also not shown that he was unable to present his claims in a § 2255 proceeding or that they are based upon any newly discovered evidence.

As recognized in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of

the statute, no longer criminal." Clearly, Petitioner has not shown that he was unable to present his present claims on direct appeal or in a § 2255 proceeding, and in fact some of his pending claims were presented in those proceedings. As a result, Ruiz's pending arguments for relief do not fall within the <u>Dorsainvil</u> exception. <u>See</u> <u>Levan v. Sneizek</u>, No. 08-4116, 2009 WL 997442, at *2 (3d Cir. April 15, 2009); <u>Smith v. Snyder</u>, 48 Fed. Appx. 109, 110-11 (6th Cir. 2002).

Since § 2255 is not inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 petition will be dismissed without prejudice.[1] This dismissal does not preclude Petitioner from seeking authorization from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 petition. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: MAY 29th, 2014

---

[1] If Petitioner can show that he is seeking relief based upon a new rule of law applicable to his case and that said new rule applies retroactively to cases on collateral review, he may file a motion for reconsideration within fourteen (14) days of the date of this Order.

8